# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY L. ROOT,
      Appellant,

     v.

DEPARTMENT OF HOMELAND
    SECURITY,
      Agency.

DOCKET NUMBER
SF-0752-19-0413-I-1

DATE: April 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey L. Root</u>, Las Vegas, Nevada, pro se.

<u>Michael L. Gurnee</u>, Esquire, Centennial, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal based on the charges of unauthorized access to an immigration system of records and lack of candor. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to analyze the appellant's retaliation claim under the standard set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In his initial decision, the administrative judge considered the appellant's retaliation claim under the standards applicable to retaliation claims arising under 42 U.S.C. § 2000e-16. Initial Appeal File (IAF), Tab 18, Initial Decision (ID) at 16-19. When considering such claims, the Board will find a violation of the statute if the appellant shows by a preponderance of the evidence that his protected activity was a motivating factor in the contested action, even if it was not the only reason. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 41 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. If the appellant makes that showing, the burden shifts to the agency to prove that it would have taken the same action in the absence of the retaliatory motive. *Id.*, ¶ 51. If the agency succeeds, then its violation of 42 U.S.C. § 2000e-16 will not require reversal of the action. *Id.* Applying this framework, the administrative judge found that the appellant failed to meet his initial burden of showing that his protected activity was a motivating factor in the agency's decision to remove him. ID at 20-21.

However, because the appellant alleged retaliation for requesting reasonable accommodation for his disability, his claim is not covered by 42 U.S.C. § 2000e-16, but instead falls within the scope of the Rehabilitation Act of 1973. The Rehabilitation Act incorporates by reference the standards of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Amendments Act of 2008, and the Board applies those standards to determine whether there has been a Rehabilitation Act violation. *See* 29 U.S.C. § 791(f); *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 n.3 (2014). A request for reasonable accommodation is protected activity under the antiretaliation provision of the ADA. 42 U.S.C. § 12203(a); *see Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 21 (2013), *overruled on other grounds by Pridgen*, 2022 MSPB 31, ¶ 47.

In determining whether an agency has violated the antiretaliation provision of the ADA, the Board applies a more stringent "but for" standard of causation. *Pridgen*, 2022 MSPB 31, ¶¶ 44-46. In other words, to show a violation, the appellant must show not merely that his protected activity was a motivating factor in the contested action, but that the agency would not have taken the action in the absence of his protected activity. Under this standard, unlike the framework for retaliation claims under 42 U.S.C. § 2000e-16, the burden of proof does not shift to the agency. *See id.*, ¶ 47.

While the administrative judge did not have the benefit of *Pridgen*, this does not affect the outcome of the case, because the appellant failed to show that his protected activity was a factor at all in his removal, much less the "but for" cause of it. On review, the appellant contends that he suffered a hostile work environment as a result of his accommodation request, and that his supervisors "avoided" him, "made [him] feel like not part of the team," and assigned him a greater workload than other employees. Petition for Review File, Tab 1 at 7-8. However, the appellant has provided little or no evidence that his request for reasonable accommodation played a role in the agency's decision to remove him

for his admitted misconduct.[2] Accordingly, we affirm as modified to incorporate this analysis in support of the administrative judge's ultimate conclusion that the appellant did not establish his retaliation claim.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] The appellant's newly submitted evidence, which indicates that his request for accommodation was granted, does not warrant a different result. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.